IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**SEALED**

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. RDB 25cr162 |
| JAMES CARROLL ERNY, JR., | * (Bribery Concerning Programs Receiving Federal Funds, 18 U.S.C. § 666(a)(2); Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| Defendant. | |

### INDICTMENT

#### COUNT ONE
(Bribery Concerning Programs Receiving Federal Funds)

The Grand Jury for the District of Maryland charges that:

At all times relevant to the Indictment:

1. Defendant **JAMES CARROLL ERNY, JR. ("ERNY")** was a resident of Glen Arm, Maryland.

2. Co-conspirator JOSEPH A. GILLESPIE ("GILLESPIE") was a resident of Baltimore City, Maryland and employed by the Department of Revenue Collection, Baltimore City.

3. In each of the calendar years from 2021 through 2023, Baltimore City received more than $10,000 in federal assistance and, in each of the calendar years from 2021 through 2023, GILLESPIE was an agent of Baltimore City.

4. From at least in or about August 2021 through in or about September 2023, in the District of Maryland and elsewhere, Defendant

**JAMES CARROLL ERNY, JR.,**

corruptly gave, offered, and agreed to give a thing of value to GILLESPIE, with the intent to influence and reward **ERNY** in connection with any business, transaction and series of transactions of such organization, government, or agency involving anything of value of $5,000 or more, to wit

**ERNY** did corruptly give, offer, and agree to give GILLESPIE more than $10,000 worth of bribes in exchange for GILLESPIE extinguishing financial obligations **ERNY** owed to Baltimore City in connection with various properties owned by **ERNY**, including unpaid water bills and property tax bills.

18 U.S.C. § 666(a)(2)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Indictment.

2. Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

**JAMES CARROLL ERNY, JR.,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property subject to forfeiture includes, but is not limited to, a money judgment in the amount of at least $100,000.

### Substitute Assets

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_5-29-25_
Date

_Kelly O. Hayes_
Kelly O. Hayes
United States Attorney

A TRUE BILL

SIGNATURE REDACTED
Foreperson

Date: May _29_, 2025